UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISMAEL RIVERA, on his own behalf and on behalf of all similarly situated employees,<br><br>      Plaintiffs,<br><br>vs.<br><br>GIVAUDAN FLAVORS CORPORATION, and all other affiliated entities and/or joint employers,<br><br>      Defendant. | Civil Action No.:<br><br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff ISMAEL RIVERA, et.al. ("Plaintiff" or "Named Plaintiff" or "Rivera"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendant, Givaudan Flavors Corporation, and all other affiliated entities and/or joint employers, all whose true names are unknown (collectively "Givaudan" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1.      Plaintiff ISMAEL RIVERA, brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2.      Plaintiff brings this lawsuit against Defendant as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt production laborers, who suffered damages for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      At all times material hereto, Plaintiff performed non-exempt production laborer duties for the Defendant in Defendant's East Hanover, New Jersey facility. Defendant is therefore within the jurisdiction and venue of this Court.

7.      At all times pertinent to this Complaint, the Defendant, Givaudan, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  "Givaudan is a global leader in fragrance & beauty and taste & wellbeing. We celebrate the beauty of human experience by creating for happier, healthier lives with love for nature. Together with our customers we deliver food experiences, craft inspired fragrances, and develop beauty and wellbeing solutions that make people look and feel good. [w]ith over 185 locations in 52 countries and over 79 production sites, of which 31 are located in Europe, 13 in North America, 9 in Latin America, 17 in Asia-Pacific, and 9 across South Asia, the Middle East, and Africa, we are committed to driving purpose-led growth that makes a positive impact." See Defendant's LinkedIn profile*, https://www.linkedin.com/company/givaudan/about/*.   Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved

through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

8.   Plaintiff Rivera is an adult individual who is a resident of Summerville, South Carolina.

9.   Plaintiff Rivera was employed by Defendant full time as a non-exempt production laborer, from in or about 1982 through June 2023.

10.   Upon information and belief, the Defendant is a wholly owned subsidiary of Givaudan International SA.

11.   Upon information and belief, the Defendant, Givaudan, is headquartered in Vernier, Geneva.

12.   Upon information and belief, at all times relevant to this Complaint, the Defendant Givaudan, employs individuals to perform labor services on behalf of the Defendant.

13.   Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

14.   At all times relevant to this Complaint, the Defendant Givaudan is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## CLASS AND COLLECTIVE ALLEGATIONS

15.   This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

16.   This action is brought on behalf of Named Plaintiff and a putative class consisting of similarly situated employees who performed work for Defendant.

17.   The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the

collective action are all victims of the Defendant's common policy and/or plan to violate the

FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one- and one-

half times the regular rate of pay, for all time worked in excess of 40 hours in any given week

pursuant to 29 U.S.C. § 207, as well as not paying Plaintiffs for all hours worked in a work week.

18.     The putative class is so numerous that joinder of all members is impracticable.

The size of the putative class is believed to be in excess of 500 employees who work from 6

locations in New Jersey.  In addition, the names of all potential members of the putative class are

not known.

19.     The claims of the Named Plaintiff are typical of the claims of the putative class.

The Named Plaintiff and the putative class members were all subject to Defendant's policies and

willful practices of failing to pay employees for all hours worked, as well as all earned overtime

wages.  The Named Plaintiff and the putative class members thus have sustained similar injuries

as a result of Defendant's actions.

20.     Upon information and belief, Defendant uniformly applies the same employment

policies, practices, and procedures to all employees who work at the Defendant's locations.

21.     The Named Plaintiff and his counsel will fairly and adequately protect the

interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex

wage and hour class and collective action litigation.

22.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.  The individual Named Plaintiff and putative class lack the

financial resources to adequately prosecute separate lawsuits against Defendant.  Furthermore,

the damages for each individual are small compared to the expense and burden of individual

prosecution of this litigation.

23.    This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

24.    Plaintiff's claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

25.    A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

26.    Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff for all hours worked, as well as for all overtime hours he worked in a work week.

27.    Plaintiff Rivera was paid approximately $38.00 per hour at the time of his separation fromDefendant.

28.    Plaintiff Rivera generally worked approximately fifty-seven (57) hours per week, and regularly in excess of forty (40) hours per week.

29.    Upon information and belief, Plaintiff Rivera was not compensated properly for the time that he spent each and every day donning and doffing his required uniform and protective gear prior to his shift and after his shift.

30.    The donning and doffing every day was not de minimis.

31.    On average, Plaintiff spent approximately ten (10) to fifteen (15) minutes pre and post shift donning and doffing required clothes and equipment.

32.    Plaintiff Rivera's donning and doffing of the uniform and equipment, as well as the

walking to and from the locker room before his shift without being compensated for same was performed for the benefit of Defendant.

33.     Defendant required all production laborers to put on and take off their uniform and all of their protective equipment in the locker room on the work premises.

34.     The clothes and equipment that Plaintiff and all similarly situated employees were required to put on and take off at the work premises, was an integral and indispensable part of the principal activities for which Plaintiff Rivera was employed by Defendant.

35.     At the beginning of a shift, Plaintiff and all similarly situated employees were required to change out of their street clothes, put them in a locker, and put on a clean uniform that was provided to them in the locker room.

36.     At the end of a shift, Plaintiff and all similarly situated employees were required to remove their soiled uniform in the locker room for cleaning and change into their street clothes.

37.     In addition to the uniform, Plaintiff and all similarly situated employees were required to don and doff: a bump cap, rubber steel toed boots, safety goggles, rubber gloves that were large enough to reach their elbow, ear plugs, and a respirator.

38.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJWPL, as described in this Complaint.

39.     At all times material hereto, Plaintiff Rivera and all similarly situated employees, performed their duties for the benefit of and on behalf of Defendant.

40.     This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and NJWPL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

41.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff Rivera performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff Rivera and all other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

42.     The additional persons who may become Plaintiffs in this action are Defendant's non-exempt production laborers who were not properly compensated for all hours worked in a work week in or after August, 2019.

43.     Plaintiff Rivera has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Rivera is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

44.     Plaintiff Rivera re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

45.     Plaintiff Rivera and all similarly situated employees are entitled to be paid additional compensation for each overtime hour worked per work period.

46.      Defendant knowingly and willfully failed to pay Plaintiff Rivera at time and one half of his regular rate of pay for his overtime hours worked in a work period.

47.     All similarly situated employees of the Defendant are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

7

48.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff Rivera and all similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

49.     As a result of Defendant's willful violations of the Act, Plaintiff Rivera and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

50.     Plaintiff Rivera re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

51.     Defendant's aforementioned conduct is in violation of the NJWHL.

52.     As a direct and proximate cause of Defendant's actions, Plaintiff Rivera and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

53.     By reason of the said unlawful acts of Defendant, Plaintiff Rivera and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54.     As a result of Defendant's violations of the NJWHL, Plaintiff Rivera and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

55.     Plaintiff Rivera re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

56.     Defendant's aforementioned conduct is in violation of the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff Rivera  and all similarly situated employees for all hours worked.

57.     As a direct and proximate cause of Defendant's actions, Plaintiff Rivera  and those similarly situated employees suffered damages, including but not limited to past lost earnings.

58.     As a result of Defendant's violations, Plaintiff Rivera and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

59. Plaintiff Rivera 8iuand similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, ISMAEL RIVERA, and those similarly situated employees, demand judgment, against Defendant GIVAUDAN FLAVORS CORP, and all other affiliated entities and/or joint employers, all whose true names are unknown, for the payment of compensation for all hours due them and overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 23, 2023                              Respectfully submitted,

JAFFE GLENN LAW GROUP, P.A.

/s/ Andrew Glenn
 Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*

9