UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISMAEL RIVERA, and DAVID CRUZ, on their own behalf and on behalf of all similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>GIVAUDAN FLAVORS CORPORATION, a wholly owned subsidiary of GIVAUDAN FLAVORS AND FRAGRANCES, INC, which is a wholly owned subsidiary of GIVAUDAN UNITED STATES, INC., which is wholly owned by GIVAUADAN S.A., the parent company and a publicly traded Swiss company, and XYZ ENTITIES 1-10 (fictitious names of unknown liable entities),<br><br>    Defendant. | Civil Action No.:  2:23-cv-21387-MEF-JSA<br><br>AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiffs ISMAEL RIVERA ("Rivera"), and DAVID CRUZ, ("Cruz")(collectively "Plaintiffs") et.al. by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Class and Collective Action Complaint against GIVAUDAN FLAVORS CORPORATION, a wholly owned subsidiary of GIVAUDAN FLAVORS AND FRAGRANCES, INC, which is a wholly owned subsidiary of GIVAUDAN UNITED STATES, INC., which is wholly owned by GIVAUADAN S.A., the parent company and a publicly traded Swiss company, and XYZ ENTITIES 1-10 (fictitious names of unknown liable entities) (collectively "Givaudan" or "Defendant"), and allege as follows:

1

## INTRODUCTION

1.      Plaintiffs ISMAEL RIVERA, and DAVID CRUZ bring this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2.      Plaintiffs bring this lawsuit against Defendant as a collective and class action on behalf of themselves and all other persons similarly situated – non-exempt production laborers, as defined below, who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and Rule 23.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      The Court has specific jurisdiction as Cruz's claims relate to or arise out of the Defendant's contacts with New Jersey.

5.      The Court has general jurisdiction as Defendant has "continuous and systematic" contacts with New Jersey and among other things should expect to be brought into this Court.

6.      Cruz was directed by management in the East Hanover, New Jersey facility to train out of state non-exempt production laborers ("out of state employees") on, among other things, donning and doffing and the time to clock in and out regarding the same.

7.      Cruz regularly trained out of state employees from other facilities throughout the country, in the East Hanover New Jersey location, on how to perform their job, which included,

but was not limited to, the donning and doffing of equipment and the time issues presented in this matter.

8.    Most of the time, as a matter of course, there were several out of state employees receiving training at the East Hanover facility relating to among other tasks, donning and doffing and the manner in which an out of state employee was to clock in and out.

9.    Cruz continually trained out of state employees in the East Hanover New Jersey facility who were from, among other states, the Bethlehem PA location, Lakeland FL location, and the Cincinnati OH location.

10.    This Court has personal jurisdiction over the Defendant as Defendant has constitutional minimum contacts with New Jersey.

11.    This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

12.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13.    At all times material hereto, Plaintiffs performed non-exempt production laborer duties for the Defendant in Defendant's East Hanover, New Jersey facility. Defendant is therefore within the jurisdiction and venue of this Court.

14.    At all times pertinent to this Complaint, the Defendant, Givaudan, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  "Givaudan is a global leader in fragrance & beauty and taste & wellbeing. We celebrate the beauty of human experience by creating happier, healthier lives with love for nature. Together with our customers we deliver food experiences, craft

inspired fragrances, and develop beauty and wellbeing solutions that make people look and feel good. [w]ith over 185 locations in 52 countries and over 79 production sites, of which 31 are located in Europe, 13 in North America, 9 in Latin America, 17 in Asia-Pacific, and 9 across South Asia, the Middle East, and Africa, we are committed to driving purpose-led growth that makes a positive impact." See Defendant's LinkedIn profile, *https://www.linkedin.com/company/givaudan/about/*. Alternatively, Plaintiffs and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiffs and those similarly situated employees fall within the protections of the Act.

15.    Plaintiff Rivera is an adult individual who is a resident of Summerville, South Carolina.

16.    Plaintiff Rivera was employed by Defendant full time as a non-exempt production laborer in Defendant's East Hanover, NJ location, from in or about 1982 through June 2023.

17.    Plaintiff Cruz is a resident of Blakeslee, Pennsylvania.

18.    Plaintiff Cruz was employed by Defendant full time as a non-exempt production laborer in Defendant's East Hanover, NJ location, from in or about 1985 through April 2023.

19.    Upon information and belief, the Defendant Givaudan S.A. is a Swiss Corporation and is publicly held and traded on the Swiss Stock Exchange.

20.    Upon information and belief, at all times relevant to this Complaint, the Defendant Givaudan, employs individuals to perform labor services on behalf of the Defendant.

21.    For purposes of the FLSA and Rule 23 claims, the Asserted Class is defined as follows:

"All non-exempt hourly employees of Defendants' that work(ed) in the Production Department, Basics Department, Maintenance Department, Waste Water Department, as

well as the Warehouse Department in Cranbury NJ location, Mt. Olive NJ location, East Hanover location, Teterboro NJ location, Bethlehem PA location, Lakeland FL location, and the Cincinnati OH location during the statue of limitations period beginning October 23, 2020 to the present." ("production laborer")

22.    Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

23.    At all times relevant to this Complaint, the Defendant Givaudan is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## CLASS AND COLLECTIVE ALLEGATIONS

24.    This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

25.    This action is brought on behalf of Named Plaintiffs and a putative class consisting of similarly situated employees who performed work for Defendant.

26.    The Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one- and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207, as well as not paying Plaintiffs for all hours worked in a work week.

27.    The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 500 employees who work from 6 locations in New Jersey, and other facilities located in Ohio, Pennsylvania, Florida.  In addition, the names of all potential members of the putative class are not known.

28.    The claims of the Named Plaintiffs are typical of the claims of the putative class.  The Named Plaintiffs and the putative class members were all subject to Defendant's policies and willful practices of failing to pay employees for all hours worked, as well as all

earned overtime wages.  The Named Plaintiffs and the putative class members thus have sustained similar injuries as a result of Defendant's actions.

29.     Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's locations.

30.     The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant.  Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

32.     This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

33.     Plaintiffs' claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34.     A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

35.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiffs for all hours worked, as well as for all overtime hours they worked in a work week.

36.     The Named Plaintiffs were paid approximately $38.00 per hour at the time of their separation from Defendant.

37.     Plaintiffs generally worked approximately fifty-seven (57) hours per week, and regularly in excess of forty (40) hours per week.

38.     Upon information and belief, Plaintiffs were not compensated properly for the time that they spent each and every day donning and doffing their required uniform and protective gear prior to their shift and after their shift.

39.     The donning and doffing every day was not de minimis.

40.     On average, Plaintiffs spent approximately ten (10) to fifteen (15) minutes both pre and post shift donning and doffing required clothes and equipment.

41.     Plaintiffs' donning and doffing of the uniform and equipment, as well as the walking to and from the locker room before their shift without being compensated for same was performed for the benefit of Defendant.

42.     Defendant required all production laborers to put on and take off their uniform and all of their protective equipment in the locker room on the work premises.

43.     The clothes and equipment that Plaintiff and all similarly situated employees were required to put on and take off at the work premises, was an integral and indispensable part of the principal activities for which Plaintiffs were employed by Defendant.

44.     At the beginning of a shift, Plaintiffs and all similarly situated employees were required to change out of their street clothes, put them in a locker, and put on a clean uniform that was provided to them in the locker room.

45.     At the end of a shift, Plaintiffs and all similarly situated employees were required to remove their soiled uniform in the locker room for cleaning and change into their street clothes.

46.     In addition to the uniform, Plaintiffs and all similarly situated employees were required to don and doff: a bump cap, rubber steel toed boots, safety goggles, rubber gloves that were large enough to reach their elbow, ear plugs, and a respirator.  Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJWPL, as described in this Complaint.

47.     At all times material hereto, Plaintiffs and all similarly situated employees, performed their duties for the benefit of and on behalf of Defendant.

48.     This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and NJWPL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

49.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiffs performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs and all other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

50.     The additional persons who may become Plaintiffs in this action are Defendant's non-exempt production laborers who were not properly compensated for all hours worked in a work week in or after August, 2019.

51.     Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

52.     Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above paragraphs.

53.     Plaintiffs and all similarly situated employees are entitled to be paid additional compensation for each overtime hour worked per work period.

54.      Defendant knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for their overtime hours worked in a work period.

55.     All similarly situated employees of the Defendant are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

56.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and all similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

57.      As a result of Defendant's willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

58.     Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above paragraphs.

59.     Defendant's aforementioned conduct is in violation of the NJWHL.

60.     As a direct and proximate cause of Defendant's actions, Plaintiffs and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

61.     By reason of the said unlawful acts of Defendant, Plaintiffs and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

62.      As a result of Defendant's violations of the NJWHL, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

**COUNT III**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

63.     Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above paragraphs.

64.     Defendant's aforementioned conduct is in violation of the New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiffs, and all similarly situated employees for all hours worked.

65.     As a direct and proximate cause of Defendant's actions, Plaintiffs and those similarly situated employees suffered damages, including but not limited to past lost earnings.

66.     As a result of Defendant's violations, Plaintiffs and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

**JURY TRIAL**

67. Plaintiffs and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs, ISMAEL RIVERA, DAVID CRUZ, and those similarly situated employees, demand judgment, against Defendant GIVAUDAN FLAVORS CORP, and all other affiliated entities and/or joint employers, all whose true names are unknown, for the payment of compensation for all hours due them and overtime hours due them, for which they

10

have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of

suit, and for all other appropriate relief.


Dated: March 18, 2024                                  Respectfully submitted,

                                                       JAFFE GLENN LAW GROUP, P.A.

                                                       /s/ Andrew Glenn
                                                        Andrew I. Glenn, Esq.
                                                       Email: aglenn@jaffeglenn.com
                                                       Jodi J. Jaffe, Esq.
                                                       Email: jjaffe@jaffeglenn.com
                                                       300 Carnegie Center, Suite 150
                                                       Princeton, New Jersey 08540
                                                       Telephone: (201) 687-9977
                                                       Facsimile: (201) 595-0308
                                                       *Attorneys for Plaintiff and Putative Class*